[Cite as *State v. Thieshen*, 2016-Ohio-3148.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 27897 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WALTER THIESHEN | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 14 TRC 6282 |

DECISION AND JOURNAL ENTRY

Dated: May 25, 2016

HENSAL, Judge.

{¶1} Walter Thieshen appeals a judgment of the Barberton Municipal Court that convicted and sentenced him for operating a vehicle under the influence of alcohol. For the following reasons, this Court affirms.

I.

{¶2} Diana Loy testified that, on the evening of October 31, 2014, she was on her front porch letting her dogs out when a truck suddenly struck the curb in front of her house then careened across the road and up the embankment on the other side, where it stopped. Ms. Loy was on her cell phone at the time, talking to her daughter Christina Rossiter, but hung up to call the police. By the time she finished telling the police what had happened, her daughter had arrived home and they went across the street together to see if anyone was injured. According to Ms. Loy, there was only one man in the truck, Mr. Thieshen, who climbed out of the driver's side door just after they reached the truck, almost falling on to her daughter. Mr. Thieshen began

speaking with her daughter, and Ms. Loy overheard him say that his "buddy" had been driving the truck. He also wondered where his buddy had gone. According to Ms. Loy, she was in view of the truck from the time of the crash to the time police arrived and never saw anyone other than Mr. Thieshen exit or walk away from the truck.

{¶3} Ms. Rossiter testified that she was driving to her mother's house at the time of the crash and could hear it happen over the phone. She arrived at her mother's house 30 seconds later and saw the truck up on the embankment. According to Ms. Rossiter, when Mr. Thieshen got out of the truck, he smelled strongly of alcohol and began asking about his friend. She did not see anyone else in the truck or in the vicinity, but did see a pile of stuff on the front seat on the passenger's side of the truck.

{¶4} Sergeant Jeff Hagen testified that he arrived at the crash site about five or six minutes after Ms. Loy reported it. When he arrived, he saw Mr. Thieshen, Ms. Loy, and Ms. Rossiter near the truck. He spoke to Mr. Thieshen to make sure he was not injured. Mr. Thieshen told him that someone named Dave had been driving the truck, but had headed away from the crash going west. Sergeant Hagen had Mr. Thieshen perform field sobriety tests, and then arrested him for operating under the influence. He also cited him for failure to control. Sergeant Hagen corroborated Ms. Rossiter's report that there was a lot of stuff in the passenger side of the truck. After another officer and a tow truck arrived, Sergeant Hagen took Mr. Thieshen to the police station. At the station, the Sergeant tested the alcohol content of Mr. Thieshen's urine, which exceeded the statutory limit.

{¶5} At trial, Mr. Thieshen called his brother-in-law, LD Smith, who testified that he was the one driving the truck at the time of the crash. Mr. Smith testified that Mr. Thieshen's fiancée asked him to bring Mr. Thieshen home from a bar. When Mr. Smith arrived at the bar,

Mr. Thieshen agreed to go home, but wanted Mr. Smith to drive his truck because he had a bunch of supplies in its bed. Mr. Smith agreed, thinking he could have Mr. Thieshen's fiancée bring him back out to the bar to pick up his car later that evening. A short distance from the bar, however, one of the rear tires of the truck blew out, causing the crash. Mr. Smith testified that he left Mr. Thieshen at the truck and walked east back to the bar so that he could use his car to retrieve a new tire for the truck and to borrow a truck from a friend that would be capable of pulling Mr. Thieshen's truck out of the ditch it was in. Because of the distances involved, it took him three hours to return to the crash site. By that time, the truck and Mr. Thieshen were gone, so he called Mr. Thieshen's fiancée. After learning that Mr. Thieshen had been arrested, Mr. Smith returned home.

{¶6} Mr. Thieshen testified that he was pretty inebriated at the time of the crash, but he affirmed that Mr. Smith was driving. He explained that the reason he told the sergeant that "David" had been driving the truck is because the letters in Mr. Smith's first name do not stand for anything, so he had taken to calling Mr. Smith "Larry David" or just David. He explained that his truck has a bench seat in the front, and so when he heard the women approaching his truck to check on him, he slid over to the driver's side and exited out of that side of the truck.

{¶7} A jury found Mr. Thieshen guilty of operating a vehicle under the influence of alcohol, operating a vehicle with a prohibited blood alcohol concentration, and failure to control. The municipal court sentenced him to spend 180 days in a multiple offender program. Mr. Thieshen has appealed, assigning as error that his convictions are against the manifest weight of the evidence.

II.

ASSIGNMENT OF ERROR

THIESHEN'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT
OF THE EVIDENCE, MERITING REVERSAL.

{¶8}    Mr. Thieshen argues that his convictions are against the manifest weight of the evidence.  Specifically, he argues that the State failed to meet its burden of persuasion beyond a reasonable doubt because it failed to prove that he was driving his truck at the time of the crash.  If a defendant asserts that his convictions are against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).  Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side.  *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).  An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases.  *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶9}    Mr. Thieshen notes that the State only presented one witness who saw the accident.  He notes that it was dark and rainy at the time, which could explain why Ms. Loy did not see Mr. Smith walk away from the truck.  He also argues that there were inconsistencies in Ms. Loy's description of how the crash occurred, casting doubt on her credibility.  Mr. Thieshen further argues that the damage to his tire and truck were consistent with Mr. Smith and his testimony.

{¶10}  The inconsistencies in Ms. Loy's testimony were, at best, minor.  Mr. Smith, on the other hand, testified the truck ended up nose down in a ditch, while the other witnesses and

the photographic evidence established that it was pointed nose up on an embankment. Following the crash, Mr. Thieshen told Sergeant Hagen that Mr. Smith walked west from the crash site, but Mr. Smith testified that he went back east to the bar where they had started. Mr. Smith also did not come forward at any point before trial to indicate that he was the driver of the truck. The tow truck driver who recovered Mr. Thieshen's truck testified that, a few days before trial, Mr. Thieshen called him to ask him to testify that the crash happened because his rear tire blew out. In addition, Ms. Rossiter's and Sergeant Hagen's testimony that there was a bunch of stuff piled where the front passenger would sit is inconsistent with Mr. Thieshen's claim that he had been sitting there before the crash. Furthermore, although Mr. Thieshen claimed that the reason he asked Sergeant Hagen where David was is because that is how he refers to Mr. Smith, Mr. Thieshen actually called Mr. Smith "Skip" several times during his testimony, which is the nickname most people use for Mr. Smith.

{¶11} The jury was in the best position to view the witnesses and assess their credibility. *State v. Bulls*, 9th Dist. Summit No. 27029, 2015-Ohio-276, ¶ 24. It was also free to believe all, part, or none of their testimony. *Id*. Upon review of the record, we cannot say that the jury lost its way when it found that Mr. Thieshen was the person operating his truck at the time of the crash. Mr. Thieshen's assignment of error is overruled.

III.

{¶12} Mr. Thieshen's convictions are not against the manifest weight of the evidence. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

KRISTEN KOWALSKI, Attorney at Law, for Appellant.

HOLLY REESE, Assistant Prosecuting Attorney, for Appellee.